# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| JEFFREY DAVIS | CIVIL ACTION NO: 12-2738 |
| VERSUS | JUDGE DONALD E. WALTER |
| UNION PACIFIC RAILROAD CO. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING AND ORDER

Before the Court is a renewed Motion for Judgment as a Matter of Law [Doc. #137], pursuant to Federal Rule of Civil Procedure 50(b), filed on behalf of Defendant Union Pacific Railroad Co. ("Union Pacific").[1] In the alternative, Union Pacific moves for a new trial, pursuant to Rule 59. Plaintiff Jeffrey Davis ("Davis") opposes the motion. [Doc. #158]. In accordance with Rule 50(b), the Court has the following options in ruling on this renewed motion: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." For the reasons that follow, the motion is **DENIED**; the jury's verdict stands.

This matter came before a jury for a two-day trial. Plaintiff Davis's sole claim was brought under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20109, alleging that Union Pacific discriminated against Davis by terminating Davis for reporting, or notifying Union Pacific of, a work-related injury. In order to succeed on the merits, Davis had to prove each of the following elements by a preponderance of the evidence: (1) that Davis engaged in a protected activity in good faith; (2) that Union Pacific knew or suspected that Davis had engaged in that

---

[1] The Court recognizes that Union Pacific's motion applies to the amended final judgment [Doc. #136], as reflected in Union Pacific's Supplemental Memorandum in Support of the motion [Doc. #154].

protected activity; (3) that Davis was terminated from his employment; and (4) that the protected activity was a contributing factor in Davis's termination. *See* 49 U.S.C. § 20109(a)(4). At the close of Davis's case-in-chief, Union Pacific moved for judgment as a matter of law under Rule 50(a), which the Court denied as to Davis's prima facie case and granted as to punitive damages. [*See* Doc. #120]. The jury ultimately returned a verdict in favor of Davis and against Union Pacific in the amount of $375,000 in compensatory damages.[2] Thereafter, a final judgment was entered, ordering a money judgment in the amount of $375,000, plus litigation costs, expert witness fees and reasonable attorneys' fees and costs, as well as reinstatement, pursuant to the FRSA, 49 U.S.C. § 20109(e).

In the instant motion, Union Pacific moves for judgment as a matter of law on two grounds. First, Union Pacific argues that Davis has failed to prove each of the above-stated elements of his prima facie case. Specifically, Union Pacific challenges Davis's assertions by arguing that: (a) Davis's reporting of a work-related injury was not done in good faith, as evidenced by the fact that Davis specifically denied a work-related incident or injury multiple times to Drew Steinkamp before finally reporting a work-related injury on August 12, 2010, almost one month after the alleged incident; and (b) Davis was terminated for his dishonesty in *failing* to report a work-related injury, such that his reporting thereof was not a contributing factor in Davis's termination. Alternatively, Union Pacific argues that it has shown, by clear and convincing evidence, that it would have terminated Davis in the absence of Davis's protected

---

[2] The jury was instructed that, here, compensatory damages may include the following types of damages and no others: "[f]irst . . . the amount of any wages Plaintiff Davis would have earned in his employment with Union Pacific for the period August 19, 2010 through the date of your verdict, minus the amount of earnings that Plaintiff Davis received from other employment during that time[;] and [s]econd . . . the amount of any other damages sustained by Plaintiff Davis, such as emotional distress damages." [Doc. #123, pp. 8-9].

activity.[3] Union Pacific claims that both Drew Steinkamp and Monty Whatley clearly and

unequivocally testified at trial that Davis was terminated for dishonesty, not the fact of his

alleged injury or the reporting thereof.

"A party is entitled to judgment as a matter of law only if the evidence points but one

way and is susceptible to no reasonable inferences which may support the opposing party's

position." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 455 (5th Cir. 2001)

(internal quotations and citations omitted). In considering the renewed motion, the Court does

not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury."

*Id.* (citations omitted). Pursuant to Rule 50(a)(1), judgment as a matter of law, in favor of the

defendant, is appropriate only when "a reasonable jury would not have a legally sufficient

evidentiary basis" to find for the plaintiff. The Court views the evidence and inferences drawn

therefrom in favor of the non-moving party. *See Logan*, 263 F.3d at 455 (citation omitted).

As to Union Pacific's first point of contention, the good faith element, the jury was

instructed as follows:

> an employee engages in "protected activity" under the FRSA when he notifies, or
> attempts to notify, the railroad carrier in good faith of a work-related personal
> injury or work-related illness. If, at the time he reported the injury, the employee
> actually believed that the injury was work-related, then his activities were in good

---

[3] On this point, the jury was instructed as follows: "Even if Plaintiff Davis proves the four essential elements described above, it does not end the inquiry.  If you determine that Plaintiff Davis has proved the four essential elements of his claim, you must still find in favor of Defendant Union Pacific if it proves by clear and convincing evidence that it would have terminated Plaintiff Davis in the absence of Plaintiff Davis's protected activity.  Only if Plaintiff Davis first establishes his case by the preponderance of the evidence is Defendant Union Pacific obligated to demonstrate that it would have taken the same action regardless of Plaintiff Davis's protected activity.  If you find that Defendant Union Pacific would have taken the same action regardless of whether Plaintiff Davis engaged in protected activity, then you should enter a verdict in favor of Defendant Union Pacific." [Doc. #123, p. 8].

faith and protected under the FRSA.[4]

The jury heard relevant testimony from both Davis and Steinkamp, regarding Davis's good faith or lack thereof. Even if Davis initially failed to recognize that his injury might be work-related, the jury was tasked with weighing the testimony of those two witnesses regarding the conversations and developments that transpired between the July 15 incident and Davis's August 12 reporting of a work-related injury. It is not for the Court to decide, post-verdict, that it might have weighed the testimony, or the relative credibility of those two witnesses, differently than did the jury. As noted by the court in *Ray v. Union Pacific RR. Co.*, 971 F. Supp. 2d 869, 884 (S.D. Iowa 2013), the good faith requirement is not applied to all of an employee's interactions with a railroad. Rather, "the phrase 'good faith' applies directly to a singular 'act done . . . to notify. . . the railroad carrier . . . of a work-related personal injury.'" *Id.* (quoting 49 U.S.C. § 20109(a)(4)).

Next, Union Pacific challenges the jury's finding that Davis's reporting of a work-related injury was a contributing factor in his termination. As to this element, the jury was instructed as follows:

> A "contributing factor" is any factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision. You need not find that Mr. Davis's decision to report a work-related injury was the sole or even predominant cause in Union Pacific's decision to terminate him, but you must find that Mr. Davis's injury report was a contributing factor in Union Pacific's decision to terminate him.[5]

Union Pacific faces an uphill battle on this element. "[A] contributing factor is any factor, which

---

[4] Doc. #123, p. 7.

[5] Doc. #123, p. 7.

alone or in combination with other factors, tends to affect in any way the outcome of the decision." *Ameristar Airways, Inc. v. Admin. Review Bd.*, *U.S. Dept. of Labor*, 650 F.3d 562, 567 (5th Cir. 2011) (internal quotation and citation omitted).[6] Union Pacific argues that Davis was terminated solely for dishonesty; however, the alleged dishonesty was only uncovered by virtue of Davis's injury report. It is Union Pacific's position that Davis was either dishonest during his earlier conversations with Steinkemp wherein Davis stated that his injury was *not* work-related, or Davis was dishonest at the time he made his work-related injury report. Union Pacific therefore argues that the actual reporting of a work-related injury was not a contributing factor in Davis's termination for dishonesty.

Davis argues that the injury report and his termination are not only temporally related but also inextricably intertwined, because without the injury report, there would have been no discipline. The Court agrees. Davis's injury occurred on July 15, 2010; he reported the injury as a work-related injury on August 12, 2010; the notice of investigation was dated August 19, 2010; and Davis was issued a notice of dismissal, or termination, on October 4, 2010.[7] "Temporal proximity between the employee's engagement in a protected activity and the unfavorable personnel action can be circumstantial evidence that the protected activity was a contributing factor to the adverse employment action." *Araujo v. New Jersey Transit Rail Operations, Inc.*,

---

[6] The *Ameristar Airways* case dealt with the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR-21"). As previously noted in the Court's memorandum ruling on cross motions for summary judgment, FRSA cases are analyzed in the same manner as cases arising under AIR-21. *See* Doc. #90, pp. 11-12; *see also Araujo v. New Jersey Transit Rail Operations, Inc.*, 708 F.3d 152, 158 (3d Cir. 2013) ("Unquestionably, AIR-21 burden-shifting applies to cases brought under the FRSA.").

[7] Doc. #122-1, pp. 2-3 (Davis's report of personal injury); p. 4 (notice of investigation); and p. 15 (notice of dismissal).

708 F.3d 152, 160 (3d Cir. 2013) (citing *Kewley v. Dept. of Health and Human Servs.*, 153 F.3d

1357, 1362 (Fed. Cir. 1998)). Considering the lenient "contributing factor" standard, the Court is

satisfied that the facts of this case, as set forth by testimony weighed by the jury at trial, and the

temporal proximity of Davis's injury report and his termination, collectively meet the broad

definition of "contributing factor" for purposes of the FRSA.

Finally, Union Pacific argues that, even if Davis proved his prima facie case, Union

Pacific proved by clear and convincing evidence that it would have terminated Davis in the

absence of the work-related injury report. "Considering the plain meaning of the statute, FRSA

burden-shifting is much more protective of plaintiff-employees than the *McDonnell Douglas*

framework." *Araujo*, 708 F.3d at 158. Here, Union Pacific largely relies on the same arguments

made above, regarding the "contributing factor" analysis. However, given the testimony adduced

at trial from both Steinkamp and Whatley, Union Pacific failed to show that it would have

terminated Davis in the absence of the injury report. The facts of this case necessarily dictate

otherwise, in that Davis's relative honesty or dishonesty would have gone unnoticed absent the

injury report. The relevant evidence mainly consisted of live witness testimony, for which the

jurors were the judges of the relative credibility. The Court must, in its current posture, defer to

the jury and not "weigh evidence, judge witness credibility, or challenge the factual conclusions

of the jury." *Logan, supra*, 263 F.3d at 455.

Having decided that Union Pacific is not entitled to judgment as a matter of law, the

Court now considers Union Pacific's alternative request for a new trial. Rule 59(a)(1)(A) allows

a district court, in its discretion, to grant a new trial "for any reason for which a new trial has

heretofore been granted in an action at law in federal court." In other words, a court may "grant a

6

new trial based on its assessment of the fairness of the trial and the reliability of the jury's verdict." *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). The grounds therefor may be, *inter alia*, that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed . . . ." *Id.* (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). If an excessive damage award is the basis for a new trial, "the motion should not be granted unless the verdict is against the great weight, not merely the preponderance, of the evidence." *Id.* (citing *Jones v. Wal–Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989)). Here, the Court finds the damages to be excessive, as measured against a preponderance of the evidence standard, but cannot find that the award is against the great weight of the evidence. Thus, the jury's verdict stands. Accordingly, finding no reason to grant a new trial, the instant motion [Doc. #137], in its entirety, is hereby **DENIED**.

   **THUS DONE AND SIGNED** in Shreveport, Louisiana, this _17th_ day of September, 2015.



                                        DONALD E. WALTER
                                    UNITED STATES DISTRICT JUDGE